**GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation, Plaintiff–Counter–Defendant–Appellant Cross–Appellee,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., a Pennsylvania corporation, and, Defendant–Counter–Claimant–Appellee Cross–Appellant,**

**Lexington Insurance Company, a Delaware corporation as the insurers of their additional insured, General Asphalt Company, Inc., a Florida corporation, Defendant–Appellee.**

No. 08–14516.

United States Court of Appeals, Eleventh Circuit.

July 20, 2009.

PER CURIAM:

We affirm the judgment of the district court. Briefly stated, General Asphalt was not covered as an additional insured under the policies issued to Bob's by National or Lexington because the underlying injuries for which General Asphalt was potentially liable did not arise out of Bob's work. Therefore, Great American Insurance Company was not due reimbursement from National.[1]

AFFIRMED.

Robert C. Grady, Katz, Barron, FT Lauderdale, FL, for Plaintiff–Counter–Defendant–Appellant Cross–Appellee.

Erik P. Bartenhagen, Hicks & Kneale, P.A., Miami, FL, for Defendant–Counter–Claimant–Appellee Cross–Appellant.

A. Hinda Klein, Conroy Simberg Ganon Krevans Abel Lurvey Morrow & Schefar, Cindy Lea Ebenfeld, Hicks, Porter, Ebenfeld & Stein, P.A., Hollywood, FL, for Defendant–Appellee.

Before EDMONDSON, BLACK and SILER,* Circuit Judges.

1. Moreover, Defendant Lexington did not have a duty to defend General Asphalt because the complaint did not allege injuries that would bring it into coverage under Lexington's policy. In addition, because we affirm the district court's grant of summary judgment, we need not address Defendant National's cross-appeal.